ELISE M. MITCHELL, SBN 167971
Law Offices of Elise M. Mitchell
888 North First Street, Suite 303
San Jose, California 95112
Telephone: (408) 297-8080
Facsimile: (408) 298-6690

Attorney for Debtors
Ricardo and Marialuisa Martinez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>RICARDO and MARIALUISA MARTINEZ,<br><br>Debtors. | Case No.: 09-56997 RLE<br><br>Chapter 13<br><br>Date: December 10, 2009<br>Time: 2:00 pm<br>Courtroom: 3099, 280 S. First St.<br>San Jose, CA |

**MOTION PURSUANT TO 11 U.S.C. § 506 FOR (1) VALUATION OF SECURITY INTEREST IN REAL PROPERTY; (2) DETERMINATION OF SECURED STATUS; (3) AVOIDANCE AND STRIPPING OF SECOND TRUST DEED LIEN OF BANK OF AMERICA, N.A.**

RICARDO and MARIALUISA MARTINEZ, Debtors and Movants herein, by and through the LAW OFFICES OF ELISE M. MITCHELL, respectfully represent:

1. Movants are the Debtors in Chapter 13 in the above-captioned bankruptcy proceeding having filed their petition for relied on August 21, 2009.

2. This Motion is brought pursuant to 11 U.S.C. Section 506(a) and (d) and Bankruptcy Rule 3012.

3. The Debtors request the Court to value a second deed of trust held by creditor, BANK OF AMERICA, N.A. as security for the purpose of fixing the amount of the Debtor as

1
MOTION PURSUANT TO 11 U.S.C. § 506

Case: 09-56997   Doc# 23   Filed: 11/10/09   Entered: 11/10/09 16:47:33   Page 1 of 4

provided in the Declaration filed in support, BANK OF AMERICA, N.A.'s second deed of trust has a value of $0.00.

## MEMORANDUM OF POINTS AND AUTHORITIES

Bankruptcy Rule 541 provides the following:

> "(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case."

Bankruptcy Rule 3012 provides the following:

> "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

Bankruptcy Rule 506(a) provides the following:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." See also *In re Maynard*, 264 B.R. 209 (9th Cir. BAP 2001).

The Declaration of Mr. Martinez establishes that the Debtor owns and occupies said property, a single family residence located at 3473 Rubion Drive, San Jose, CA 95148 and provides adequate qualified opinion evidence as to the value of his real property as an owner. In California, it has been held that "owners of land in the vicinity, familiar with the property in question are competent witnesses." (*People v. Willis*, 30 Cal.App. 2d 419 [86 P. 2d 670] *Remmers v. Ciciliot*, 70 Cal.App. 2d 432, 437-438 [161 P. 2d 257]). Owners of land in the vicinity, familiar with the character of the land in question frequently have a better idea of land

values than strangers who are engaged in the business of selling land. (*Provo River Water User's Ass'n. v. Carlson*, 103 Utah 93 [133 P. 2d 777]; see anno. 159 A.L.R. 7); as cited in *Los Angeles City High School Dist. v. Rodriguez*, 135 Cal.App. 2d 760 at 768 (Cal.App. 2d Dist. 1955).

The value of the first deed of trust of WELLS FARGO HOME MORTGAGE. in the amount of $583,855.83 exceeds the fair market value of the property of $485,000.00.

Since there is no collateral value securing the second trust deed, the lien should be stripped and treated as an unsecured claim.

WHEREFORE, Debtors and Movants herein respectfully request the Court:

(1) to determine and find that service was proper or otherwise waived;

(2) to determine and find the current market value of the subject property located at 3473 Rubion Drive, San Jose, CA 95148 is $485,000.00;

(3) to determine and find that the first and second deed liens of WELLS FARGO HOME MORTGAGE AND BANK OF AMERICA, N.A., are the respective sums of $583,855.83 and $106,873.65;

(4) to strip the second trust deed lien of BANK OF AMERICA, N.A., as an encumbrance on the subject property because the lien exceeds the fair market value of the subject property;

(5) to determine and find that the value of the collateral held by creditor BANK OF AMERICA, N.A. on a second deed of trust be valued at $0.00.

(6) to treat the second trust deed, and the promissory note and obligations it purports to secure, as general unsecured claims herein; and

(7) to find and order the second trust deed holder does not possess a secured claim and the second trust deed has no legal force and effect as an encumbrance on the property, and

that neither the second trust deed holder, its successors nor assigns, has any right to foreclose upon the property facially subject to the second trust deed;

    (8)    such other orders as the court may deem just and proper.

Dated: November 9, 2009                                   Respectfully submitted,

                                                                             ELISE M. MITCHELL
                                                                             Attorney for Debtors